```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

STEFANIE GALLOWAY-MURRAY o/b/o
DARRELL MURRAY,
                                             MEMORANDUM & ORDER
                      Plaintiff,              19-CV-3612(EK)

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Stefanie Galloway-Murray, the *pro se* substitute plaintiff here ("Plaintiff"), seeks judicial review of the Commissioner of Social Security's decision that her late husband Darrell Murray did not qualify for supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3).  Subsequent to filing the complaint, however, Plaintiff took no further action and did not respond to multiple court orders seeking to prompt her participation at key junctures.  Accordingly, the Court dismisses this case for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

**I.**

  Darrell Murray filed an application for supplemental security income on September 22, 2014.  R.[1] 63, 173-79, 196.  He

---

[1] "R." refers to the administrative record filed by Defendant.  *See* ECF No. 7.

cited hypertension, obesity, sleep apnea, cardiac impairments, and migraines as the basis for the application. *Id.* When his claim was denied, Mr. Murray requested a hearing before an administrative law judge ("ALJ"). R. 86-89, 95-99. On July 27, 2017, Mr. Murray appeared with counsel before ALJ Peggy McFadden-Elmore. R. 30-53. By order dated October 18, 2017, ALJ McFadden-Elmore denied his application, finding that although he had "severe" impairments, R. 16, Mr. Murray was not "disabled" within the meaning of the Social Security Act because he was capable, despite his health conditions, of performing certain "sedentary" work. R. 18-22. This qualification, according to the ALJ, rendered him eligible to pursue certain lines of work for which "significant numbers" of jobs were then available in the national economy.[2] *Id.*

Mr. Murray then sought review by the Social Security Administration's Appeals Council. R. 9. On April 24, 2018, while that request was pending, Mr. Murray passed away from congestive heart failure, coronary artery disease, and hypercholesterolemia. R. 6-8. His wife, Stefanie Galloway-Murray, was designated a substitute party. *Id.* On April 17,

---

[2] The ALJ found that Mr. Murray was capable of, in an eight-hour workday, standing or walking for two hours and sitting for six hours. R. 18. The ALJ also relied on testimony from a vocational expert to find that Mr. Murray could perform such jobs as document preparer, with over 2,944,000 jobs nationally, and final assembler, with over 241,000 jobs nationally. R. 22.

2

2019, the Appeals Council denied the request to review the ALJ's decision, rendering it final.  R. 1-3.

Plaintiff initiated this action on June 17, 2019 by filing a form complaint, which alleges that "[t]he decision of the administrative law judge was erroneous, not supported by substantial evidence on the record and/or contrary to the law." ECF No. 1.  The Court[3] then issued a scheduling order, directing the Commissioner to serve Plaintiff with its motion for judgment on the pleadings by November 22, 2019 and directing Plaintiff to respond sixty days later.  ECF No. 4.  That schedule was extended by one month at the Commissioner's request.  *See* ECF, Order dated Dec. 2, 2019.  When the Plaintiff's new February 21, 2020 deadline passed, the Court, *sua sponte*, extended the time for Plaintiff to respond to April 8, 2020.  ECF No. 14.  Once again, Plaintiff did not respond.

The Court has since held two telephone hearings, about which the parties were noticed in advance.  The first was held on September 2, 2020.  ECF No. 18.  When the Plaintiff failed to appear, the Court rescheduled the oral argument for September 9, 2020. ECF No. 20.  Plaintiff again did not attend.  *Id.*  On September 14, 2020, the Court issued an order directing Plaintiff to respond by September 23, 2020 and explain why this

---

[3] This case was transferred from Judge DeArcy Hall to the undersigned on March 2, 2020.

3

Court should overturn the Social Security Administration's decision. ECF No. 21. Plaintiff was warned that if she did not respond, the Court may dismiss her case.

## II.

A district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see also Citak v. More Consulting Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *2 (E.D.N.Y. Oct. 25, 2018) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives.") (internal quotations omitted).

In deciding whether to dismiss an action for failure to prosecute, a district court must weigh five factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Anderson v. Comm'r of Soc. Sec.*, No. 19-CV-1820, 2020 WL 2522080, at *2 (E.D.N.Y. May 18, 2020)

4

(applying factors to a social security action involving a *pro se* plaintiff).

First, the duration of Plaintiff's noncompliance favors dismissal. Plaintiff took no further action after filing the complaint in June 2019, missed multiple deadlines, and did not appear at two scheduled hearings. *See Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute when plaintiff took no action beyond filing the complaint and did not respond to three court orders). Second, the Court issued an order that, in plain terms, put Plaintiff on notice that her case could be dismissed due to continued unresponsiveness. ECF No. 21.

The third and fourth factors also support dismissal, albeit less forcefully than the others. Prejudice to the Defendant is presumed in cases of failure to prosecute. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). While Plaintiff's silence and missed deadlines were not uniquely burdensome to the Commissioner or the Court, *see Baptiste*, 768 F.3d at 218, it is still the case that the Court has now held, and the Commissioner has had to attend, multiple conferences, and that Plaintiff has not complied with the Court's scheduling orders or otherwise responded when directed to do so. On the fifth factor, there is no indication that a lesser sanction would suffice or engender Plaintiff to respond. Plaintiff has

5

not complied with any court order in this case, including the order warning that the action may be dismissed for such reason. *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (affirming dismissal where it was unclear that a lesser sanction would be effective in light of plaintiff's failure to respond to notice threatening dismissal). Given that Plaintiff is *pro se*, the Court will not rely upon monetary sanctions as an alternative. *See, e.g.*, *Mannan v. Soc. Sec. Admin.*, No. 17-CV-6800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020). Taken together, these factors favor dismissal.

### III.

Mr. Murray's death certificate listed congestive heart failure, coronary artery disease, and hypercholesterolemia as his causes of death. R. 8. The Court considered, *sua sponte*, whether this necessarily undercut one or more of the premises upon which ALJ McFadden-Elmore's decision was based. In *Hanley on behalf of Leger v. Berryhill*, No. 17-CV-00013, 2018 WL 1602849, at *15 (D. Vt. Mar. 29, 2018), for example, the plaintiff passed away following the ALJ's determination, and the reviewing court held that new evidence — namely the death certificate — supported a conclusion that her "liver condition was not improving," contrary to the ALJ's finding, and that the ALJ "erroneously discounted the prognosis that [she] was

6

unlikely to survive the year." *See also Pollard v. Halter*, 377 F.3d 183, 193-94 (2d Cir. 2004).

Here, however, ALJ McFadden-Elmore's determination of ineligibility does not appear to have been predicated on an underappreciation of the severity of the decedent's health issues. Rather, it was predicated upon a determination that Mr. Murray was capable, despite his medical conditions, of sedentary work. On this record, the Court concludes that there is substantial evidence — certainly "more than a mere scintilla" — supporting the Commissioner's decision. *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). Therefore, the determination below should not be overturned.

## IV.

For the reasons set forth above, this case is dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is directed to close this case and mail a copy of this Order to the *pro se* Plaintiff at her last known address. In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma*

7

*pauperis* status.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                                    /s Eric Komitee_____
                                                    ERIC KOMITEE
                                                    United States District Judge

Dated:    September 29, 2020
            Brooklyn, New York